STATE OF MAINE                              SUPERIOR COURT
YORK, SS.                                   CIVIL ACTION
                                            DOCKET CV-2010-145
                                            JON-YOR - 10/9/2012


MARKUS E. RAMSEY and TAMMY  )
L. RAMSEY,                  )
                            )
            Plaintiffs,     )        ORDERS ON
     v.                     )        MOTIONS FOR
                            )        SUMMARY JUDGMENT
                            )        AND TO ENFORCE
YORK HOSPITAL,              )        SCHEDULING ORDER
DOUGLAS T. BROWN, M.D., and )
NEUROLOGY ASSOCIATES OF YORK
                            )
            Defendants.     )


## BACKGROUND

Plaintiff, Markus E Ramsey, was referred to Defendant, Douglas T. Brown, M.D., a neurologist, after having been seen by Defendant York Hospital's Emergency Department for complaints of chest pain, headaches, numbness and tingling, weakness, dizziness, and balance difficulties. Plaintiff first saw Dr. Brown on July 25, 2001. Dr. Brown diagnosed plaintiff on October 3, 2001 with a seizure disorder and prescribed medication pursuant to that diagnosis. Dr. Brown continued to treat Plaintiff's medical condition through June 2009. Treatment ended after Dr. Brown referred Plaintiff to Dr. Heidi Henninger, an epileptologist. Dr. Henninger diagnosed Plaintiff with Psychogenic Nonepileptic Seizures (PNES) and removed Plaintiff from the medication prescribed by Dr. Brown. Plaintiff filed a notice of claim on May 14, 2010. Plaintiff has brought this suit to recover for the loss of consortium and economic loss caused by Dr. Brown's misdiagnosis and subsequent mistreatment of his illness and the vicarious liability of York Hospital.

## STANDARD OF REVIEW

Summary judgment is appropriate when review of the parties' statements of material facts and the cited record evidence, when viewed in the light most favorable to the non-moving party, reveals no genuine issue of material fact dispute and the moving party is entitled to judgment as a matter of law. *Beal v. Allstate Ins. Co.*, 989 A. 2d 733, 738 (Me. 2010); *Dyer v. Department of Transportation*, 951 A.2d 821, 825 (Me. 2008).

## ARGUMENT

Defendant brings this motion for Summary Judgment contending that the Plaintiff's claims of medical negligence are barred under the Maine Health Security Act. The Maine Health Security Act states that "[a]ctions for professional negligence shall be commenced within 3 years after the cause of action accrues. For the purposes of this section, a cause of action accrues on the date of the act or omission giving rise to the injury." 24 M.R.S. § 2902 (1985). Defendant argues that the act or omission that gave rise to Plaintiff's injury was the original misdiagnosis on July 25, 2001. Because the date of the initial misdiagnosis was in 2001, significantly more than three years before the Plaintiff filed a notice of claim the case at hand, Defendant argues that the claim is barred by 24 M.R.S. § 2902.

Plaintiff argues that his claims accrued at the date of his final treatment by Dr. Brown, under the "continuing negligent treatment" doctrine. According to the "continuing negligent treatment doctrine" as laid out in *Baker v. Farrand*, "a plaintiff may bring a single action alleging continuing negligent treatment that arises from two or more related acts or omissions by a single health care provider or practitioner where each act or omission deviated from the applicable standard of care and, to at least some demonstrable degree, proximately caused the harm complained of, as long as at least one of the alleged negligent acts or omissions occurred within three years of the notice of claim." *Baker v. Farrand*, 2011 ME 91, 26 A.3d 806, 816.

Plaintiff has alleged that the acts of negligence, namely Defendant's initial and continued failure to diagnose, to order tests, and to allegedly properly treat Plaintiff proximately caused Plaintiff's loss of consortium and economic loss. There are material issues of fact in dispute regarding whether the constellation of symptoms and associated medication side effects represented continuous and ongoing treatment for the same condition claimed to be misdiagnosed in 2001 and continued to be misdiagnosed during the course of Dr. Brown's treatment.

Plaintiff's Complaint alleges injury from negligent treatment from July 25, 2001 through June 2, 2009. Plaintiff filed the Notice of Claim on May 14, 2010, slightly less than a year after the date of the last alleged negligent act. Plaintiff alleges at least one act of negligence within three years of the notice of claim.

*Baker v. Farrand* sets out the test for the "continuing negligent treatment doctrine" . Plaintiff alleged that at least one negligent act in the course of treatment occurred within three years of the filing of the Notice of Claim.. Defendant is not entitled to Summary Judgment as a matter of law.


Defendant's Motion for Summary judgment is accordingly denied.

Finally, on the issue of one expert/ one issue, medical malpractice cases raise complex issues which are often not a simple as one expert on standard of care and one expert on proximate causation.

In this case the Plaintiff has designated a retained neurologist regarding the issue of the standard of care for a general neurologist. He has also designated a treating epileptologist, Dr. Heidi Henniger, M.D. to testify about her diagnosis of the Plaintiff. While Dr. Henniger was not retained, she is not a fact witness[1] even though her opinions came as a result of his treatment of the patient. Once she applies her expertise to reach a diagnosis and prognosis, she is applying knowledge beyond that of an ordinary juror and is a Rule 702 expert.

Even if not designated as a standard of care expert or on causation, it is inevitable that Dr. Henniger will opine at trial that her differential diagnosis was the proper and correct one based upon the history and other factors. Because of this and her more specialized expertise in epilepsy, the Defendants are entitled to designate an expert both on the issue of general neurology standard of care and an expert to refute Dr. Henniger's conclusions. The scope of the Defendant's expert in epilepsy trial testimony will likely be defined by the extent the Plaintiff makes use of Dr. Henniger's testimony at trial.

The Motion to Enforce Scheduling Order is denied. The Court will address issues of admissibility at trial.

The clerk may incorporate by reference and enter " Motion for Summary Judgment denied. Motion to Enforce Scheduling Order Denied"

10/9/12
DATE

_____
SUPERIOR COURT JUSTICE

---

[1] Rule 26(b)(4)(a)(i) of the Maine Rules of Civil Procedure also indicates treating physicians are experts albeit not subject to the more involved additional disclosure requirements of retained experts.

ATTORNEYS FOR PLAINTIFFS:
CRAIG BRAMLEY ESQ
JULIAN SWEET ESQ
BERMAN & SIMMONS
PO BOX 961
LEWISTON ME  04243

ATTORNEYS FOR DEFENDANTS:
KAREN FRINK WOLF ESQ
HEIDI A BEAN ESQ
FRIEDMAN GAYTHWAITE WOLF & LEAVITT
PO BOX 4726
PORTLAND ME  04112-4726